# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

Rasheem Jones
Plaintiff,

v.                          Case No.:

SHERIFF WAYNE IVEY,
in his official and individual
capacities, ARAMARK CORPORATION
Defendants.

## W.A.H.P. I KILL-CIVIL MOTION FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF UNDER 42 U.S.C. Section 1983

This pleading is a protected "W.A.H.P. I KILL-SYSTEM®" vehicle. Any order to amend, censor, or dilute its doctrinal provisions constitutes an "unconstitutional prior restraint" and will trigger immediate collateral action.

## INTRODUCTION

1

1) Plaintiff, Mr. Jones, is a pre-trial/resentencing detainee in the Brevard County Jail Complex. Acting "pro se" and pursuant to the W.A.H.P. I KILL-SYSTEM DOCTRINE, He sues:

a. SHERIFF WAYNE IVEY ("IVEY") (in both official and individual capacities) for maintaining and ratifying policies that systemically violate the First, Sixth, Eighth, and Fourteenth Amendments; and

b. ARAMARK CORPORATION ("Aramark"), a state actor under color of law, for its deliberate indifference to inmate/citizen health and safety.

2) This action seeks (i) declaratory relief that Defendant's customs are unconstitutional, (ii) injunctive relief halting those customs, (iii) compensatory and punitive damages, and (iv) nominal damages for each discrete violation.

## PARTIES

3) Plaintiff, Mr. Jones, is and at all relevant times was, confined in Brevard County Jail.

2

4) Defendant Ivey is the final policymaker for all jail operations (**Monell liability**) and is personally liable because he "knew of, directed, or consciously disregarded" the unconstitutional conditions described herein.

5) Defendant Aramark, through its contract and daily operations, acts under color of state law (*Estelle v. Gamble*, 429 U.S. 97 (1976)) and is liable for policies that deprive inmates/citizens of adequate nutrition and safety.

## JURISDICTION AND VENUE

6) Jurisdiction: 28 U.S.C. subsections 1331, 1343; Venue: 28 U.S.C. subsection 1391(b) (events and parties located in this District).

## FACTUAL ALLEGATIONS

7) Collective Punishment: Plaintiff, Mr. Jones, was subjected to group punishment practices. For example, if one person was found using a tablet during lockdown, entire cellblocks were locked down for hours or the full duration

3

of a deputy's shift, violating principles of individualized discipline and humane treatment.

8) Fire Code and Overcrowding Violations: Plaintiff, Mr. Jones, was confined in a cell designed for 2 people, but regularly housed with 3 individuals, in violation of building safety codes and resulting in unsafe, unsanitary, and degrading conditions.

9) Forced Exposure To Cold and Commodification of Basic Needs: Plaintiff, _____, and others were stripped of socks, thermal shirts, and other warm clothing in cold cells, while simultaneously forced to purchase those same items from private, jail-approved vendors -- establishing a coercive, monopolistic profiteering scheme.

10) Inadequate and Unhealthy Food Conditions: Meals were nutritionally insufficient, inedible, and degraded, while the same food vendor also sold overpriced food packages -- again demonstrating

4

conflict of interest and commercial exploitation under state-sanctioned authority.

11) **Denial Of Safe Drinking Water And Health Information:** Cells had/have no water fountains and no posted water quality advisories, forcing detainees to use questionable sink water. Attempts to retain drinking cups from meal trays resulted in additional lockdowns.

12) **Obstruction Of Legal Communication:** Plaintiff, Mr. Jones, was/is frequently denied phone access to counsel/courts during critical deadlines, and deliberately deprived of communication essential for the exercise of constitutional and statutory rights.

13) **Light Deprived Housing:** Housing units force Plaintiff, Mr. Jones, to endure 24-hour artificial lighting or near darkness, causing headaches, circadian disruption, depression, and vision strain; Plaintiff, Mr. Jones, has

e. experienced chronic insomnia, photophobia, and worsening anxiety.

## CLAIMS FOR RELIEF

Count I - Eighth Amendment (Cruel and Unusual Punishment)

Count II - First Amendment (Retaliation For Protected Speech)

Count III - Fourteenth Amendment (Due Process Violations)

Count IV - Sixth Amendment (Access to Counsel and Court)

Count V - Supervisory And Official Liability Under Monell

## DAMAGES DEMANDED

Plaintiff, Mr. Jones, demands: a) $1,000 per day for unconstitutional conditions and retaliation; b) $5,000 per incident of deliberate indifference to

health or access to court;
c) $10,000 for each due process violation;
d) $3,000,000 for Punitive damages to deter further misconduct;
e) Declaratory and injunctive relief to prevent recurrence;
f) $750,000 compensatory;

g) Enjoin Sheriff Ivey and successors from: housing detainees without access to natural light in their rooms or/and housing units, imposing collective punishment unrelated to individual misconduct, confiscating thermal clothing, socks, t-shirts when ambient cell/housing unit temperatures are less than 70° F, restricting counsel and court and Advocacy communication by locking detainees in rooms and/or turning off the phones and or tablets during court hours except for documented security emergencies;
h) Order immediate W.A.H.P. I KILL-SYSTEM audits of all commissary, and food contracts, water and air health safety, and deliberate mental health verbal abuse by Deputies
i) Grant other and all further relief the Court

and Constitution deems just and proper.

j) Mandatory recognition of the W.A.H.P. 2 KILL-SYSTEM as a valid constitutional safeguard under the Supremacy Clause.

## PRAYER FOR INJUNCTION AND CONSTITUTIONAL ENFORCEMENT

Plaintiff Moves This Court To:

a) Order a federal review board to be notified of all W.A.H.P.-filed complaints nationwide;
b) Refer this matter to the U.S. Department Of Justice for investigation into systemic civil rights abuse in Brevard County;
c) Issue a Temporary Restraining Order (TRO) preventing further abuse by replacing staff.

## FLORIDA CONSTITUTIONAL UNNOTARIZED OATH
[Filed in Compliance with Article VI, Section 3, Florida Constitution]

I, Mr. Jones, hereby declare, under penalty of perjury and in full allegiance to the Constitution of the United States and the Constitution of the

State of Florida, that the foregoing W.A.H.P. 1 KILL-CIVIL MOTION and all facts stated within are true. I can read, write, speak, and understand the English language.

Respectfully submitted
/s/ Rasheem Jones
Rasheem Jones

## W.A.H.P. 1 KILL-CIVIL MOTION
## WARNING TO ALL JUDGES AND PROSECUTORS

### LEGAL WARNING AND NOTICE OF FEDERAL CRIMINAL LIABILITY

To all judicial officers, state prosecutors, or agents of the court system reviewing this motion: Be hereby placed on official notice:

Any attempt to entrap, **intimidate**, or coerce the undersigned Petitioner into amending the W.A.H.P. 1 KILL-CIVIL MOTION under the threat of further deprivation of constitutional rights - after knowingly reading its copyrighted structure

9

and systemic purpose – shall constitute federal infringement and intentional malicious misconduct, and shall also trigger the following: MENS REA is established when a knowing and intentional act of pressuring amendment occurs after review of the W.A.H.P. I KILL-CIVIL MOTION's federal protection and copyright (17 U.S.C.). Conspiracy to commit constitutional deprivation is facially proven through recorded orders mandating illegal amendments, in furtherance of financial judicial preservation under the guise of "judicial economy." These acts demonstrate a clear and corrupt financial incentive to preserve incarceration unlawfully – thereby satisfying the legal elements of conspiracy under state and federal law.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this foregoing W.A.H.P. I KILL-CIVIL MOTION was furnished in to the hands of officials for mailing purposes to: Clerk Of Court, **U.S. DISTRICT COURT**, 401 W. Central Blvd., Orlando F.L. 32801; Wayne Ivey Office, 700 South Park Ave., Titusville, F.L.

10

32780; ARAMARK, 2400 MARKET STREET, Philadelphia, Pennsylvania, 19103; Department Of Justice Civil Divison, 950 Pennsylvania Ave. NW., Washington D.C. 20530; James Uthmeier, Office Of ATT. General State Of Florida, PL-01 The Capitol, Tallahassee F.L. 32399; Rick Scott, Sen., 111 N. Adams St. Suite 208, Tallahassee FL 32301; Pam Bondi Executive Office for United States Attorneys, United States Department Of Justice, 950 Pennsylvania Ave, NW, Room 2242, Washington, D.C. 20530-0001. Executed this 9 day of July, 2025.

Respectfully submitted
/s/ Rasheem ~~M~~
Rasheem Jones


Copyright and Authorship Disclaimer

This motion and all legal arguments contained herein are the original work of the undersigned author. It was independently written and developed through personal research, legal reasoning.

11

Pursuant to 17 U.S.C. section 102(a), this document is protected as an original literary work. Any reproduction, use, or distribution of this motion or its substantive content, except to Document by official name: "W.A.H.P. 1 KILL-CIVIL MOTION", or to quote limitedly from to justify a Ruling or Order, and to use the name to identify during a respectively submitted Report or Thesis, without the express written consent of the author is prohibited and may constitute a violation of federal copyright law.

©LAFSINFINITY INC., 2025. All Rights Reserved.

Doctrine URL: WAHP1KILL-SYSTEMDOCTRINE.UNIVER.SE

RASHEEM JONES
BREVARD COUNTY JAIL COMPLEX
860 CAMP RD. COCOA FL. 32927

ATTENTION:
This letter originated
from the Brevard
County Jail Complex

ORLANDO FL 328
10 JUL 2025 PM 4 L

OFFICE OF THE CLERK
401 W. CENTRAL BLVD. SUITE #1200
ORLANDO, FL. 32801-0120



THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2019